IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**ASSEFA GABREL EGZIABHER, JR.**                                                    **PLAINTIFF**

**v.**                          **Civil No.  5:11-cv-5048**

**CHARLIE PEARCE ET AL.**                                                             **DEFENDANTS**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at the Washington County Jail in Fayetteville, Arkansas, has filed a pleading by using a form entitled "Form to be Used by Prisoners in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983." (Doc. 2). Plaintiff did not pay the full filing fee for this action, but instead filed a Motion for Leave to Proceed *in forma pauperis* ("IFP"). (Doc. 3). Plaintiff's Motion to Proceed IFP was granted on February 28, 2011. (Doc. 4).

The matter is presently before the Court for initial screening of Plaintiff's pleading pursuant to 28 U.S.C. § 1915A. For the reasons discussed below, this Court recommends that this action be summarily dismissed pursuant to Section 1915A.

**I.    BACKGROUND**

The following facts were presented to the Court in Plaintiff's Complaint.  (Doc. 2).  Plaintiff states he is suing Charlie Pearce, an attorney, as well as Amy Driver and Brian Lamb, both deputy prosecutors in the Washington County Prosecutor's Office. (Id. at ¶ IV).  Plaintiff also names two police officers, Richard James Logue and J. McKinney, as defendants. (Id.)

Plaintiff states he was illegally searched and arrested by Defendant Logue on November 18, 2010. (Id. ¶ VII.) Plaintiff further contends that Logue "failed to make a probable cause statement or a police report pertaining to anything." (Id.) He also alleges that Defendant McKinney "made a false and incomplete probable cause statement, not stat[]ing why she was assisting Officer Logue." (Doc. 2, ¶ VII). McKinney is also accused of making a false accusation of Plaintiff throwing out a "small baggie containing a white powdery substance." (Id.)

Further, on December 17, 2010, Plaintiff alleges that Defendants Lamb and Driver filed charges "illegally, without any evidence seized." (Id. at 6). Defendant Pearce is alleged to have known the "state had no evidence" against Plaintiff, but attempted to coerce Plaintiff into confessing, while acting as Plaintiff's attorney. (Id.) Defendant Pearce is also alleged to have filed a Motion to Suppress against Plaintiff's command not to file such a motion and to have refused to provide Plaintiff a copy of the "evidence submission form" in Plaintiff's state criminal case. (Id.) Plaintiff has not been convicted of any crime, but is in jail awaiting trial on pending criminal charges. (Doc. 2, ¶ VI.)

In his prayer for relief, Plaintiff seeks the following: an award of counsel; "maximum compensation for [his] constitutional injuries;" an order forcing the state to produce the crime lab

forensic analysis report and evidence submission for state criminal case 2010-2089; and he asks that the court "verify [his] constitutional rights have been violated." (Doc. 2, ¶ VII.)

**II.   APPLICABLE LAW**

Because Plaintiff is a prisoner who is seeking redress from governmental agents and entities, his complaint is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A(a).  That statute, which is part of the Prison Litigation Reform Act of 1995 ("the PLRA"), requires federal courts to screen the pleadings in all civil actions brought by prisoners against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a).  The Court must determine which aspects of the pleading are actionable and should be allowed to proceed.  The Court must dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915A.

To state a claim under 42 U.S.C. § 1983, as Plaintiff is attempting to do here, the complainant must allege facts, which if proven true, would demonstrate that the named defendant(s) violated the complainant's federal constitutional rights while the defendant(s) acted under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).  Although federal courts must "view pro se

pleadings liberally, such pleadings may not be merely conclusory: *the complaint must allege facts,* which if true, state a claim as a matter of law." Martin v. Aubuchon*,* 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added); see also*,* Martin v. Sargent*,* 780 F.2d 1334, 1337 (8th Cir. 1985) ("[a]lthough it is to be liberally construed, a *pro se* complaint must contain specific facts supporting its conclusions").

Moreover, "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution. Madewell v. Roberts*,* 909 F.2d 1203, 1208 (8th Cir. 1990); Speed v. Ramsey County*,* 954 F. Supp. 1392, 1397 (D. Minn. 1997). Thus, in order to state a cognizable Section 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that allegedly violated the plaintiff's federal constitutional rights.

### III.   DISCUSSION

In this case, the complaint fails to state a claim on which relief may be granted under the Constitution or laws of the United States. See 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff has named as defendants individuals who are immune from suit or who are not state actors. Additionally, Plaintiff has made claims of false arrest and false imprisonment, which are currently premature due to the application of Heck v. Humphrey, 512 U.S. 477 (1994).

-4-

### A.   Defendant Pearce

Defendant Pearce was acting as a public defender at all relevant times of Plaintiff's Complaint. While Pearce appears to be a private attorney, he was taking "conflicts" from the public defender's office and it was in such a capacity he represented Plaintiff. As a public defender, Defendant Pearce is not considered a "state actor" for purposes of Section 1983 litigation. "Only state actors can be held liable under Section 1983." Youngblood v. Hy-Vee Food Stores, Inc., 266 F.3d 851, 855 (8th Cir. 2001), cert. denied, 535 U.S. 1017(2002). It is well settled that public defenders are not considered to be state actors for Section 1983 purposes. Polk County v. Dodson, 454 U.S. 312, 318 (1981); see also Holbird v. Armstrong-Wright, 949 F.2d 1019, 1020 (8th Cir. 1991) ("[t]he conduct of counsel, either retained or appointed, in representing clients, does not constitute action under color of state law for purposes of section 1983 violations").

### B.   Defendants Driver and Lamb

Defendants Driver and Lamb are prosecuting attorneys in Plaintiff's state criminal case. The United States Supreme Court, in Imbler v. Pachtman, 424 U.S. 409 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." Id. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." Id. at 430; see also Buckley v. Fitzsimmons, 509 U.S. 259 (1993) (holding a prosecutor acting as an

advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity). Based on the allegations of the complaint, all actions underlying Plaintiff's claims occurred during the state criminal proceeding. Therefore, it is clear the defendant prosecuting attorneys are entitled to absolute immunity in this case. See, e.g., Brodnicki v. City of Omaha, 75 F.3d 1261 (8th Cir.), cert. denied, 519 U.S. 867 (1996) (holding county prosecutors were entitled to absolute immunity from suit).

To the extent Plaintiff's complaint seeks injunctive relief against the prosecuting attorney, this relief is not cognizable in this case. While the Supreme Court has not held that prosecutors are immune from declaratory or injunctive relief, see Pulliam v. Allen, 466 U.S. 522 (1984), a plaintiff seeking such relief must show some substantial likelihood that the past conduct alleged to be illegal will recur. Plaintiff does not allege such facts in this case. Further, injunctive relief is not appropriate where an adequate remedy under state law exists. Id. at 542 & n.22; see also Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1336 (8th Cir. 1975). Clearly, Plaintiff has adequate remedies available to him through the state courts: any trial regarding his criminal charges and the appeal of any conviction which may occur from his criminal charges.

### C. Defendants Logue and McKinney

Plaintiff's claims are subject to dismissal. First, to the

-6-

extent Plaintiff claims he was "falsely" arrested and falsely incarcerated, those claims are subject to dismissal. Under Heck v. Humphrey, 512 U.S. 477 (1994), a §1983 claim that would necessarily imply the invalidity of a conviction is premature.

In Heck, the Supreme Court held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 487 (footnotes omitted). Thus, Plaintiff's false arrest and false imprisonment claims are simply not cognizable under § 1983.

Second, Plaintiff's claims that officers falsified evidence in connection with the criminal charges brought against him are likewise barred by Heck. See e.g., Crow v. Penry, 102 F.3d 1086, 1087 (10th Cir. 1996)(dismissing pursuant to Heck claims that a probation officer falsely testified at a probation revocation hearing); Williams v. Schario, 93 F.3d 527, 529 (8th Cir. 1996)(claims that defendants engaged in malicious prosecution and presented perjured testimony would necessarily imply the invalidity

of plaintiff's conviction or sentence and are barred by <u>Heck</u>); <u>Parris v. United States</u>, 45 F.3d 383, 384-85 (10th Cir. 1995)(dismissing pursuant to <u>Heck</u> allegations that the government's evidence was fabricated and false, and that the government's witnesses were lying).

**IV.  CONCLUSION**

Accordingly, I recommend that Plaintiff's Complaint (Doc. 2) be **DISMISSED** without prejudice as to Defendants Logue and McKinney, as the claims regarding these defendants are premature and barred by <u>Heck</u>.  However, I also recommend that Plaintiff's Complaint be **DISMISSED** with prejudice as to Defendants Pearce, Driver and Lamb as those claims are stated against individuals who are not state actors or who are immune from suit.

I also recommend this case be considered a "strike" pursuant to the so-called "three strikes" provision of the *in forma pauperis* statute, 28 U.S.C. § 1915 (g), and the Clerk of Court be directed to place the appropriate case flag on this case.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 28th day of March 2011.**

<pre>                                    /s/ ERIN L. SETSER
                                    HON. ERIN L. SETSER
                                    U.S. MAGISTRATE JUDGE</pre>